## FENDER *et al.* v. SHAW.

1. In view of the entire instructions to the jury, the agreement of the parties, and the evidence, the following excerpt from the charge of the court was not error: "In determining what amount you will find in favor of the plaintiff and against the defendant, you may consider the diminution in value, that is, the fair market value, of the freehold in consequence of the unlawful cutting by the defendant alleged in the declaration. You may consider what was and is the injury to the freehold—to the tract of land, if any, in consequence of the unlawful cut-

ting, if any, by the defendant of the timber alleged in the declaration as having been cut."

2. The verdict was supported by the evidence.

JULY 13, 1916.

Equitable petition. Before Judge Thomas. Berrien superior court. April 21, 1915.

*E. K. Wilcox,* for plaintiffs in error.

*Hendricks, Mills & Hendricks,* contra.

HILL, J. This case has been twice before the Supreme Court. *Fender* v. *Shaw,* 135 *Ga.* 224 (69 S. E. 110), and *Shaw* v. *Fender,* 138 Ga. 48 (74 S. E. 792). The suit was brought by F. M. Shaw against W. L. Fender and R. L. Carter, to recover damages for the alleged cutting of certain timber, and for injunction, etc. Upon the third and last trial of the case, the jury found for the plaintiff the sum of $225. A motion for a new trial was overruled, and the defendants excepted. On the trial of the case it was stipulated and agreed in open court between the plaintiff and defendants as follows: (1) That the plaintiff was the true owner of the land upon which the timber in question stood. (2) That the lease from the plaintiff to Massee & Felton Lumber Company, dated February 19, 1903, be considered in evidence for all purposes. (3) That at the time of the alleged trespass the plaintiff was the owner of all the timber less than fourteen inches in diameter at the stump (the place at which timber is usually cut down for sawmill purposes), and that the plaintiff had acquired the title of Massee & Felton Lumber Company to all timber fourteen inches in diameter at the stump and above. (4) That the only question to be submitted to the jury was the number of boxes cut by the defendants in trees less than fourteen inches in diameter at the stump, and the amount of damages sustained by the plaintiff as a result thereof. The only question that need be considered is whether the following charge of the court to the jury was error for any reason assigned: "In determining what amount you will find in favor of the plaintiff and against the defendant, you may consider the diminution in value, that is, the fair market value, of the freehold in consequence of the unlawful cutting by the defendant alleged in the declaration. You may consider what was and is the injury to the freehold—to the tract of land, if any, in consequence of the unlawful cutting, if any, by the defendant of the timber alleged in the declaration as having been cut." It is

insisted that this charge was misleading and confusing, for the reason that in the petition the plaintiff alleged that the boxing of the timber above the gauge as well as below was unlawful, and the charge directed the attention of the jury to the unlawful cutting alleged in the declaration, instead of confining them to a consideration of the boxing of the timber below the gauge, and authorized the jury to find a verdict in favor of the plaintiff for any diminution in the value of the freehold that in thier opinion resulted from the boxing of the timber above the gauge as well as that below it.  In view of the entire charge of the court, which we have carefully read, taken in connection with the agreement as to the sole issue to be tried by the jury, and the evidence in the case, the criticism of the charge is without merit.  Nor is the contention meritorious that the charge was in effect an expression of opinion by the court that all-the cutting alleged in the declaration was unlawful.  The case was fairly submitted to the jury under the agreement which confined the issue to the "number of boxes cut by the defendants in trees less than fourteen inches in diameter at the stump, and the amount of damages sustained by the plaintiff as a result thereof."  The evidence authorized the verdict rendered, and we will not disturb it.  The court did not err in refusing a new trial.

*Judgment affirmed.  All the Justices concur.*